IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-88-BO-KS

| | | |
|---|---|---|
| BARONIUS PRESS LTD., | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| JOHN DOE, an individual or entity | ) | |
| whose true name is presently unknown, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's motion for leave to conduct discovery prior to the Rule 26(f) conference. Plaintiff's motion is not supported by a separate memorandum of law as required by the local rules of this court (*see* Local Civ. R. 7.1(e) (E.D.N.C. May 2023)), nor has Plaintiff submitted the subpoena it proposes the court authorize or a proposed order granting the relief requested by Plaintiff. Notwithstanding any deficiency in Plaintiff's filing, the court has reviewed Plaintiff's motion and finds cause to allow Plaintiff's motion in part.

## BACKGROUND

Plaintiff brought this action against "an unknown individual or entity[ ] for violations of, inter alia, the United States Copyright Act, 17 U.S.C. § 101 *et seq*.," for alleged "unauthorized reproduction, distribution, and sale of Plaintiff's copyrighted literary works." (Compl. [DE #1] ¶ 1.) Plaintiff alleges that Defendant "caused the infringing copies . . . to be printed and manufactured in the United States through print-on-demand services operated by Lightning Source LLC." (*Id.* ¶ 12.) However, Plaintiff has not been able to ascertain the identity of the "individual or entity

Case 5:26-cv-00088-BO-KS    Document 8    Filed 04/10/26    Page 1 of 6

responsible for the unauthorized reproduction, printing, distribution, and sale of infringing editions of Plaintiff's copyrighted works" (*id.* ¶ 7) and seeks early discovery "to identify the John Doe Defendant and obtain account-level information directly tied to the Infringing Works" (Pl.'s Mot. Leave Early Discovery [DE #5] at 3). Specifically, Plaintiff seeks leave to issue Rule 45 subpoenas "to Lightning Source LLC and any other third-party service providers involved in the production or distribution of the Infringing Works" for the following purposes:

- identify the John Doe Defendant and effectuate service;

- determine the account holder(s) responsible for uploading and distributing the Infringing Works;

- determine the number of units printed and sold;

- determine royalties or compensation paid in connection with the Infringing Works; and

- identify representations made to Lightning Source concerning ownership or public domain status of the Infringing Works.

(*Id.* at 3–4.)

## DISCUSSION

Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Federal courts have discretion, however, to alter the timing and sequence of discovery. *ME2 Prods., Inc. v. Does 1-16*, No. 4:16-CV-279-FL, 2016 WL 7017268, at *1 (E.D.N.C. Dec. 1, 2016). Where discovery is necessary to identify an alleged copyright infringer, early discovery may be warranted. *See, e.g.*, *Headhunter, LLC v. Does 1-8*, No. 5:17-CV-318-BO, ECF No. 8 (E.D.N.C. Aug. 15, 2017); *Strike 3 Holdings, LLC v. John Doe*,

2

No. 5:24-CV-241-BO, 2024 WL 2125606 (E.D.N.C. May 10, 2024); *Epic Games, Inc. v. Atas*, No. 5:25-CV-318-M-BM, 2025 WL 2394877 (E.D.N.C. Aug. 18, 2025). In determining whether to allow early discovery, this court applies a four-part reasonableness test, considering the following factors: (1) the procedural posture of the case; (2) whether the discovery sought is narrowly tailored; (3) whether the requesting party will be irreparably harmed if required to wait until after the Rule 26(f) conference; and (4) the likelihood that the information sought will be unavailable or destroyed absent production prior to the Rule 26(f) conference. *Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 WL 12600175, at *3 (E.D.N.C. June 30, 2015).

Plaintiff's motion seeks discovery at a nascent stage of the litigation, and Plaintiff will be unable to move forward with its case until it identifies Defendant. Absent early discovery, Plaintiff may not be able to obtain redress for Defendant's alleged infringement. Thus, the first and third factors weigh in Plaintiff's favor. *See Strike 3 Holdings, LLC*, 2024 WL 2125606, at *2; *Atas*, 2025 WL 2394877, at * 4.

Plaintiff's motion does not address the fourth factor–the availability of the requested information if early discovery is not allowed. Plaintiff's motion seeks information from a third-party vendor for the purpose of identifying Defendant. (Pl.'s Mot. Leave Early Discovery at 4). Based upon the allegations of Plaintiff's complaint, the court finds there is substantial risk that, without early discovery, information concerning Defendant's identity may be destroyed or may never be made available to Plaintiff. Thus, this factor also weighs in Plaintiff's favor.

As to the second factor, Plaintiff seeks to obtain information not only to identify Defendant, but also to "obtain account-level information directly tied to the Infringing Works," including "the number of units printed and sold," "royalties or compensation paid in connection with the Infringing Works," and "representations made to Lightning Source concerning ownership or public domain status of the Infringing Works." (Pl.'s Mot. Leave Early Discovery at 3–4.) These requests are not narrowly tailored to the issue of Defendant's identity. Rather, they concern the merits of Plaintiff's claims. Such issues are not within the permissible scope of early discovery. Plaintiff also requests leave to serve subpoenas on "any other third-party service providers involved in the production or distribution of the Infringing Works." (*Id.* at 3.) Without further information, the court is unable to conduct a meaningful reasonableness analysis, and the court therefore rejects this request as overly broad.

Having considered all of the circumstances, the court finds early discovery appropriate if narrowly tailored as set forth below. Accordingly, Plaintiff's motion is granted in part and denied in part.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Conduct Early Discovery [DE #5] is GRANTED IN PART and DENIED IN PART, and it is ORDERED as follows:

1. Plaintiff may serve, in accordance with Rule 45 of the Federal Rules of Civil Procedure, a subpoena duces tecum on Lightning Source LLC (including its agents or affiliated companies) to obtain the name, address, telephone number, and

4

email address of any individual or entity involved in uploading, printing, or distributing copies of the copyrighted literary works identified in Plaintiff's complaint as having been infringed ("account holder"). The date specified for production of the information sought by the subpoena ("return date") shall be no earlier than thirty (30) days after service of the subpoena.

2. Plaintiff shall attach a copy of its complaint and this order to any subpoena.

3. At least fourteen (14) days prior to the return date, Lightning Source LLC shall provide a copy of the subpoena, Plaintiff's complaint, and this order to any account holder identified in response to the subpoena at the account holder's last known address or email address.

4. Any motion to quash or modify the subpoena, whether by Lightning Source LLC or an account holder, shall be filed with the court at least two (2) business days before the return date. In accordance with the Federal Rules of Civil Procedure, any motion shall be served on counsel of record for any parties who have appeared in the action.

5. Plaintiff shall, within one (1) business day, notify Lightning Source LLC of any motion to quash filed by an account holder.

6. Lightning Source LLC shall not produce any information in response to a subpoena served on it prior to the return date or, if a motion to quash or modify the subpoena has been filed, unless and until an order has been entered resolving the

5

motion and ordering production of any requested information (in which case, production shall be made in accordance with the terms of the court's order).

7. Any documents or information produced to Plaintiff in response to a subpoena authorized by this order may be used by Plaintiff for the purpose of prosecuting its infringement claims in this action and for no other purpose.

8. Except as expressly provided herein, by the Federal Rules of Civil Procedure, or by further order of this court, Plaintiff shall not engage in discovery in this action prior to the Rule 26(f) conference.

This 10th day of April 2026.

KIMBERLY A. SWANK
United States Magistrate Judge

6